# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. CR408-007 |
| ) | |
| JAMES WILLIAM BROWN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress the evidence seized from his residence and a rented storage unit during the execution of state search warrants that were issued by a superior court judge on October 10, 2007. (Doc. 46.) The government filed a response in opposition to the motion, and defendant filed a reply brief. (Docs. 48, 50.) The Court addressed this motion at a hearing on November 19, 2008 but declined defendant's request to offer evidence. For the following reasons, defendant's motion to suppress should be **DENIED**.

I.  BACKGROUND

On October 10, 2007, Chatham County District Attorney Investigator Aaron G. Gonzalez presented an application for a search warrant to a superior court judge. (Doc. 46, Ex. A.) The first page of the application stated that Gonzalez had reason to believe that there was child pornography in various forms "located at: 1 Bluff Point, Savannah, Chatham County," a residence specifically described in the application. (Id.) The affidavit for the warrant related that two men, Jason Bunce and Jason Day, who had worked with defendant as volunteer firefighters had informed Gonzalez separately that defendant had shown them, on different occasions, images of child pornography stored on his home computer. Bunce and Day also reported that defendant had taken each of them separately to a storage unit where he showed them additional photographs of young girls—some of which were sexually explicit—and what appeared to be a young girl's clothing. (Id.) Additionally, both men described statements that defendant had made to them regarding his interest in sex with young girls. (Id.) Gonzalez stated that he had verified that defendant had a

lease agreement for a storage unit at the location described by the informants. (Id.) The affidavit concluded by stating that "the investigator feels that probable cause exists for a search warrant on the above address: 1 BLUFF POINT . . . . for the purpose of finding any Child Pornography . . . ." (Id.) (emphasis in original). Despite listing only the Bluff Point residence on his application, Gonzalez submitted proposed search warrants for both the residence and the storage facility, and the superior court judge signed both warrants. (Doc. 46, Exs. B, C.)

## II. ANALYSIS

Defendant raises two arguments in his motion to suppress: (1) that the agent made a material omission in the affidavit that he furnished to the superior court judge, and (2) that because of the agent's failure to list the storage unit on his warrant application, the superior court judge's issuance of a warrant for that location was improper. Neither argument has any merit.

### A. <u>Affiant's Veracity</u>

Defendant contends that the affidavit in support of the search warrant omits certain pertinent information that undermines the probable cause basis for the warrant. (Doc. 46.) While there is no ban on challenging the veracity of a search warrant affidavit that is otherwise facially sufficient, it is well settled that there is no automatic right to make such a challenge. 2 Wayne R. LaFave, Search and Seizure § 4.4(d) (4th ed. 2004). A defendant who asks the court to look outside the four corners of the warrant is entitled to a hearing only if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." Franks v. Delaware, 438 U.S. 154, 155-56 (1978).[1]

Given the presumption of validity accorded to search warrant affidavits, the Franks Court insisted that the defendant meet a

---

[1] Although Franks addressed only an alleged false statement in the search warrant affidavit, the reasoning of that case covers material omissions as well. United States v. Martin, 615 F.2d 318 (5th Cir. 1980); 2 LaFave, Search and Seizure § 4.4(b). "Franks protects against omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate . . . . For an omission to serve as the basis for a hearing under Franks, it must be such that its inclusion in the affidavit would defeat probable cause." United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990).

4

number of requirements before his challenge to the veracity of an affidavit could be heard:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they must be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Id. at 171. Even upon such a showing, a hearing is required only "if the allegedly false statement is necessary to the finding of probable cause." Id. at 156.

Defendant contends that the warrant affidavit omits certain pertinent information critical to the determination of probable cause. (Doc. 46.) Specifically, defendant notes that the affidavit failed to mention "the extreme personal animosity that informants [Bunce and Day] . . . had against [defendant]." (Id. at 6.) He provides descriptions of physical altercations between the men, violent threats they have exchanged, and claims of monetary debts owed to one another as examples of animosity. (Id. at 4.)

Defendant, however, has failed to show that Agent Gonzalez, the affiant, had knowledge of any animosity among the men, much less that he either intentionally or recklessly omitted this information from his affidavit.[2] Moreover, defendant provides no indication that the inclusion of this information would have defeated probable cause. Animosity between the informants and the defendant—even if known by the agent—does not establish that the informants were lying to the agent about defendant's possession of child pornography. The informants, who gave separate and consistent statements to the agent, faced serious repercussions (including prosecution) for knowingly furnishing false information to a criminal investigator. See Illinois v. Gates, 462 U.S. 213, 233-34 (1983) (citizens who personally report crimes to the police make themselves accountable for lodging false complaints, thus enhancing the trustworthiness and reliability of their statements). The agent verified that defendant had leased the storage unit described by the informants, and thus there was at least some

---

[2] At the suppression hearing, government counsel represented that Agent Gonzalez would testify that at the time he prepared his affidavit he had no knowledge of the alleged animosity between the men.

corroboration of their stories. Further, there is no evidence that the cited omission was designed to mislead the judge or that the inclusion of the information would have undermined probable cause. In other words, even had all of the omitted information been included in the affidavit, the warrants would still have issued.

A challenge to the truthfulness of an affidavit underlying a search warrant cannot be mounted without a threshold showing of material falsity. Defendant has failed to make such a "substantial preliminary showing." <u>Franks</u>, 438 U.S. at 155. Accordingly, defendant was not entitled to an evidentiary hearing so that he could examine the agent about what is clearly a non-material deficiency in his affidavit.

### B. <u>Omission of Storage Unit from Application</u>

Defendant alleges that Agent Gonzalez's failure to explicitly list the storage unit in his warrant application as a location for which he requested a warrant renders the issuance of such a warrant "improper." (Doc. 46.) This Court is aware of no such harsh rule punishing a government agent seeking a warrant who inadvertently omits a search location from his application. Here, it

is clear from the record before the Court that the agent was seeking a warrant to search the storage unit, as is evidenced by the agent's preparation of a proposed warrant for the superior court judge to sign.[3]  Moreover, the affidavit the agent prepared not only referenced the storage unit but furnished adequate probable cause to support a search of that structure.  The inadvertent omission of the storage unit from the application does not render ineffective the warrant for the storage unit that was presented to and signed by the judge.

## III. CONCLUSION

Defendant has not made the required preliminary showing that the affidavit was materially false, and therefore he is not entitled to an evidentiary hearing to contest the affiant's veracity.  The warrant for the storage unit was not improperly issued despite the fact that it was not listed on the application as a location to be searched, where probable cause to search the unit was shown in the

---

[3] Government counsel indicated at the suppression hearing that Agent Gonzalez would testify that he verbally requested warrants for both locations during his meeting with the superior court judge.

supporting affidavit and a warrant specifically covering the storage unit was presented to and signed by the judge. Accordingly, defendant's motion to suppress should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 25th day of November, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA