# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CR408-07 |
| | ) | |
| JAMES WILLIAM BROWN | ) | |
| Defendant | ) | |

## ORDER

James William Brown recently pled guilty to receipt and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B); 18 U.S.C. § 2252A(a)(2). Doc. 37 (Superseding Indictment); docs. 72, 73 (guilty plea). He awaits May 5, 2009 sentencing. Doc. 91. As explained in this Court's April 20, 2009 Sealed Order, Brown evidently confided about his case to a fellow inmate and "jailhouse lawyer" named Don Schaefer. Doc. 86. Schaefer then informed on Brown by writing to the "US Attorney's Office" and disclosing Brown's confidences to the government. He included the first page of a letter from Brown's appointed defense counsel, Kenneth L. Royal, that he had somehow obtained.

Surprised, the government delivered (under its own cover letter) Schaefer's letter ex parte to the undersigned. The undersigned then attached both of those letters to the aforementioned Sealed Order and served it on Royal and the government. Citing public-record precedent requiring that all court filings are generally to be filed unsealed unless good cause is shown, the Order warned that if no party objected within ten days the Order and attachments would be unsealed and thus become part of the public record. *Id.* at 5.

The government has filed no response. Mr. Royal objected to the unsealing in an April 23, 2009 letter.[1] That letter, however, fails to make the good cause showing demanded by Eleventh Circuit precedent. [2]

---

[1] Letters like this are not welcome. Motions, briefs, etc., get filed, while letters get lost. In fact, the law places the burden upon litigants, not judges, to create their own record by filing record materials -- including legal arguments best presented in a motion or brief -- directly with the Clerk of Court. *See In re Unsolicited Letters to Federal Judges*, 120 F.Supp.2d 1073 (S.D.Ga. 2000); *see also* Ga.Ct.App.R. 27(b) ("Parties are not permitted to file letter briefs nor letter cites"). This Court has a specific Local Rule for filing matters under seal: L.R. 79.7 ("Sealed Documents").

[2] *See United States v. Ochoa*, 428 F.3d 1015, 1030 (11th Cir. 2005) (a party may overcome the presumption, under First Amendment standards, of openness of criminal proceedings if it can show an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest); *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246-47 (11th Cir. 2007) (in suit brought by union leaders and deceased union members against employer and its

Merely being "distressed" over a client's self-destructive actions and opining that public disclosure "would serve no useful purpose in this case," *id.* at 1, does not show cause. The standard, as explained in note 2 *supra*, requires much more than that. A speculative and conclusory assertion that sealing is necessary to protect a defendant's rights is simply not enough. *Id.* Nor is sealing required because "Mr. Brown is obviously ignorant [of] the fact that" sharing his confidential attorney-

---

Colombian subsidiary, arising out of alleged misconduct of subsidiary in purportedly hiring Colombian paramilitaries, with alleged knowledge of corporate parent, to torture and kill union members, district court's decision to seal declaration of Colombian official that defendants had not produced, and in which they had no proprietary or privacy interest, based on its speculative and conclusory assertion that sealing was necessary to protect defendants' right to fair trial and to punish plaintiffs for their alleged violation of prior protective order, constituted abuse of discretion); *United States v. Bradley*, 2007 WL 1703232 at * 4 (S.D. Ga. 6/11/07) (unpublished) ("'informational oxygen' is indispensable to a court system that cannot function without public trust and respect."); *Snethen v. Board of Public Educ. for the City of Savannah and the County of Chatham*, 2007 WL 2345247 at * 1 (S.D. Ga. 8/15/07) (unpublished); *United States v. Sattar*, 471 F.Supp.2d 380, 385 (S.D.N.Y. 2006) (letter from defendant's counsel transmitting psychiatric report concerning defendant, as well as report itself, were "judicial documents," to which common-law presumption of public access attached, notwithstanding that court did not find such documents to be useful and did not rely on them, where they were submitted to court to provide information with respect to crucial judicial function of sentencing); *United States v. Tangorra*, 542 F.Supp.2d 233, 237 (E.D.N.Y. 2008) (documents submitted by defendants as part of the sentencing process which pertained to the defendants' business affairs were "judicial documents" subject to the common law right of access, even though the court did not rely on the documents in reaching its sentencing decision).

client communications with other inmates could have surprising consequences. *Id.* Mr. Brown trusted the wrong man with his privileged communications with counsel, and he must now bear the consequences of his ill-considered decision.[3] Now that the cat is out of the bag (in that the government has full knowledge of Brown's disclosures to Mr. Schaefer), there is simply no reason to shield this information from the public.

Accordingly, the Clerk is directed to unseal Order # 86. For that matter, this Order (including the Royal letter) is to be filed unsealed.

**SO ORDERED** this  4th  day of May, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[3] It is not uncommon for defendants represented by counsel to seek legal advice from, or make revelatory disclosures to, fellow detainees, sometimes to their great misfortune.

4