# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMES WILLIAM BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV411-245 |
| ) | CR408-007 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

James William Brown moves this Court for 28 U.S.C. § 2255 relief. CR408-007, doc. 149.[1] His motion should be denied.

## I. BACKROUND

Brown was indicted for possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) (Counts 1, 2 & 11), receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Counts 3 - 7), and transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) (Counts 8 - 10). Doc. 37. He pled guilty to one count of possession of child pornography (Count 2) and one count of receipt of

---

[1] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number assigned by the Court's electronic filing system to the upper right hand corner of each page.

child pornography (Count 4). Docs. 73, 98 & 99. The Court sentenced him to serve 120 months as to the possession charge and 176 months as to the receipt charge, to be served consecutively. Doc. # 99.

Brown was not happy with his appointed counsel, Kenneth Royal, but the Court declined to excuse Royal from his appointment. Doc. 126 (denying Royal's motion to withdraw); doc. 132 (CJA compensation order noting counsel's difficulty in representing him); *see also* doc. 141 (noting and denying numerous *pro se* motions filed by Brown while Royal still represented him). Royal litigated Brown's direct appeal, though unsuccessfully. *United States v. Brown*, 370 F. App'x. 18 (11th Cir. 2010); doc. 145.

## II. ANALYSIS

Alleging ineffective assistance of counsel,[1] Brown argues that Royal was ineffective for failing to object to the calculation of the advisory

---

[1] In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as

Sentencing Guidelines in his case, and for failing to object to his sentence as above the statutory maximum. Doc. 149 at 3. The district court, he insists, should have found a total offense level of 36, which he calculates to be the appropriate level for the possession offense, instead of the total offense level of 40 that resulted from the receipt offense. *Id.* at 3-5. And the statutory maximum, he insists, is 240 months. *Id.* at 5.

Royal cannot be said to have been in any way deficient in his performance here. As explained in *United States v. Williams*, 340 F.3d 1231 (11th Cir. 2003), defendants like Brown benefit when, under the Sentencing Guidelines, like offenses are grouped together for sentence calculation purposes. *Id.* at 1233-34. A single course of conduct producing the same harm to the same victim is a guiding factor. *See,*

---

"reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "no competent counsel would have taken the action that his counsel did take." *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). The prejudice prong requires movants to establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

*e.g., id.* at 1244 (grouping appropriate because conspiracy to rob armored car and attempted robbery of armored car were part of "common plan or scheme" with same victims); *United States v. Jimenez-Cardenas*, ___ F. 3d ___, 2012 WL 2361724 at * 3 (11th Cir. Jun. 22, 2012) (no grouping because "neither offense involved conduct that was a specific offense characteristic supporting an adjustment to the offense level of the other count").

"Each group is assigned a numerical 'offense level,' which is determined by the most serious offense in that group." *Williams*, 340 F.3d at 1233. "The Guidelines are clear that when the advisory term of imprisonment on one count is higher than the advisory term on other counts in a 'Group' the offense level for the group is the highest offense level of the counts in the Group. U.S.S.G. § 3D1.3." *United States v. Hagen*, 2012 WL 764429 at * 14 (4th Cir. Mar. 12, 2012); *United States v. Valenzuela*, 2012 WL 1852993 at * 7 (D. Hawaii May 21, 2012).

Here the "receipt" offense, grouped with the possession offense, produced a base offense level of 22 (instead of 18 if just the possession offense was in issue), and once the other aggravating factors (e.g., the materials he possessed portrayed sadistic or masochistic conduct) were

taken into account, his offense level was increased to level 40. PSI at 6 ¶ 17. The probation officer recommended a two-point reduction for acceptance of responsibility, PSI at 7 ¶ 28, but as more fully detailed below, the district judge denied it due to Brown's post-plea obstreperous behavior. Hence, he applied the full offense level of 40, not 38. *Id.* Brown cites no authority for his assertion that it should be a level 36.

And the statutory maximum, as the government warned early on, doc. 38, was 360 months. *See* 28 U.S.C. 2252A(5)(B) (possession); § 2252A(5)(b)(2) & (maximum 10 years for possession); § 2252A(a)(2) (receipt); § 2252A(b)(1) (maximum 20 years). Brown received 296 months. His claim that the Court was limited to 240 months (doc. 149 at 5) is baseless, and he cites nothing to support that number. Royal therefore was not *Strickland*-deficient here, either.

Finally, Brown faults Royal for failing to object to the government's breach of his plea agreement. Doc. 149 at 8. Boiled down, he is unhappy that he lost the two-point reduction for accepting responsibility (by pleading guilty), and he blames the government, and Royal's failure to object, rather than himself for this.

It is undisputed that the government agreed not to object to any two-point reduction recommendation by the probation officer.[2] Doc. 152 at 6. Brown insists that he never denied committing the crimes, yet "[t]he government breached the plea agreement by arguing the defendant should not get the reduction in this case based on the simple fact that he filed a few motion[s]." Doc. 149 at 9-10.

The argument is frivolous. Brown ignores the storm of filings he made *after* agreeing to plead guilty (doc. 73) -- filings that were flatly inconsistent with acceptance of responsibility. That included his "Notice of Intent to Withdraw Guilty Plea," doc. 76, and unfounded accusations against an FBI agent. The government pointed to that when it explained its refusal to honor its promise at the start of Brown's sentencing, doc.

---

[2] The Government agreed that it would

> not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, provided the defendant truthfully admits the conduct comprising the offense of conviction, has not engaged in criminal conduct subsequent to arrest in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under the United States Sentencing Guidelines;
>
> 2. The government reserves the right to inform the Court and the U. S. Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his background.

Doc. 98 at 7.

123 at 5-10, and the district judge had ample grounds to accept that interpretation. Doc. 123 at 75. Brown conspicuously ignores all of that here. This claim, too, is baseless.

## III. CONCLUSION

Accordingly, James William Brown's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court notes no COA-worthy issues. And, since there are no non-frivolous issues to be raised on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 28th day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
**SOUTHERN DISTRICT OF GEORGIA**