UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES WILLIAM BROWN,　　　　　)
　　　　　　　　　　　　　　　　)
　　Movant,　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　)　　Case No. CV411-245
　　　　　　　　　　　　　　　　)　　　　　　　　CR408-007
UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　Respondent.　　　　　　　　 )

## ORDER

James William Brown has sent this Court another letter[1] seeking judicial assistance in obtaining his prison medical records. CR408-007, doc. 171.[2] In his first letter-motion, he claimed a medical need for them and said that they were "also relevant to an upcoming [28 U.S.C.] § 2255 motion."[3] Doc. 168 at 1. The Court denied his motion. Doc. 170.

---

[1] The Court *again* reminds Brown that parties should submit to this Court formal complaints, petitions, briefs and motions, not letters. Letters also can get lost, while complaints, motions and briefs are filed in the record of each case. This creates a public record of a matter presented for the Court's consideration. *See In Re: Unsolicited Letters to Federal Judges*, 126 F. Supp. 2d 1073 (S.D. Ga. 2000).

[2] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number assigned by the Court's electronic filing system to the upper right hand corner of each page.

[3] Brown pled guilty to child pornography charges, received a 296-month sentence, and exhausted his direct and collateral (§ 2255) appeals. Docs. 73, 98, 99, 145, 158 & 165.

Moving to reconsider, Brown now claims (citing no legal authority) that "[u]nder the law, I am entitled to access and possess copies of my medical records from any penal facility[i]es I have been held in." Doc. 171 at 2. He explains that "I need my medical records in order to expedite treatments by avoiding previously completed tests and treatments, as well as to show diagnoses, x-ray results and prescription histories." *Id.* Finally, he insists that "I never filed a "Motion for 28 USC §2255 Discovery" and "never [labeled] or titled my letter to the Court as such. Regardless of any possible future secondary uses of these am not requesting the records for that purpose." Doc 171 at 1.

The Court **DENIES** Brown's motion for reconsideration. Those who move this Court for relief must supply legal authority to support their request. The Court does not research and litigate legal claims for anyone.[4] And simply saying "I want something" doesn't cut it. Nor does it assist such pursuit by quibbling about record facts. Substance prevails over nomenclature; by any objective standard, Brown sought pre-filing discovery for a potential § 2255 motion, and it is dissembling of him to

---

[4] *See Lemons v. Lewis*, 969 F. Supp. 657, 659 (D. Kan. 1997) (it is not "the court's function to become an advocate for the *pro se* litigant"), *cited in Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009) ("judges must not raise issues and arguments on plaintiffs' behalf").

superilluminate the fact that he did not formally *title* his original request in that manner.

**SO ORDERED** this 15TH day of January, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**