IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:08-cr-7 |
| JAMES WILLIAM BROWN, | |
| Defendant. | |

**O R D E R**

This matter comes before the Court on Defendant James William Brown's two motions for appointment of counsel. (Docs. 173, 177.)[1] Brown requests that the Court appoint counsel to assist him in filing a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). As the Government correctly points out in its Response, (doc. 176), there is no absolute right for appointment of counsel to assist a defendant with a post-conviction proceeding, including a motion to reduce sentence. United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009). Moreover, Defendant has failed to present a compelling reason to appoint him counsel in this case. Defendant has adequately presented arguments to the Court in several post-conviction pleadings, including in his motions for appointment of counsel. Indeed, in his most recent motion, Defendant indicates that he was able to press his arguments for compassionate release through the Bureau of Prisons' administrative process without the assistance of counsel. (Doc. 177, pg. 2 ("Defendant has complied with the procedural requirements of 18 U.S.C. § 3582(c)(1)(a).").) While Defendant states that he has had limited access to legal materials, there is nothing so legally complex

---

[1] The Clerk of Court incorrectly docketed Brown's first motion twice, once correctly as a motion for appointment of counsel, (doc. 173), and once incorrectly as a motion for compassionate release, (doc. 175). Brown does not seek compassionate release in this pleading, only appointment of counsel to help him make such a request. Thus, the Clerk is **DIRECTED** to terminate the incorrectly docketed motion, (doc. 175).

regarding a compassionate release motion that would prevent Defendant from presenting his arguments to this Court without the benefit of a lawyer. Moreover, Defendant has failed to provide anything other than conclusory statements regarding his potential arguments for compassionate release. Thus, he has not demonstrated how counsel could benefit his effort. For all these reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motions for Appointment of Counsel, (docs. 173, 177). Should Defendant file a motion for compassionate release, he may reassert his request for counsel to assist him at that time.

**SO ORDERED**, this 26th day of February, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA