**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

    v.                                      CASE NO.: 4:08-cr-7

JAMES WILLIAM BROWN,

           Defendant.

## O R D E R

Like much of the world, inmates in federal prisons are understandably concerned about the health risks posed by the COVID-19 (coronavirus) pandemic.  Given the recognized risks that the pandemic poses within detention facilities, many federal prisoners are filing motions for immediate release or to reduce their sentence.  Defendant James William Brown has filed such a motion seeking compassionate release.  (Doc. 179.)[1]  In addition to the risks posed by exposure to the COVID-19 pandemic, Brown cites family circumstances that he contends warrants his release.

The Court has reviewed the entirety of the record in this case and finds that the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting Brown compassionate release.  Brown's conduct leading to his conviction in this case was quite serious to say the least.  He was convicted of possession of child pornography and receipt of child pornography, and the Court sentenced him to a total of 296 months' imprisonment. (Doc. 99.)  As laid out in the United States' Response, the evidence against Brown was deeply troubling including a stockpile of child

---

[1] Brown has also requested that the Court appoint him counsel.  (Docs. 179, 191.)  Brown is not entitled to counsel on this matter, and the Court sees no reason to appoint him counsel.  He has demonstrated that he is entirely capable of presenting his factual and legal arguments in this case without the assistance of counsel. Further, the Court sees no meritorious claim that counsel could present.  Therefore, the Court **DENIES** his Motions to Appoint Counsel, (docs. 179, 191).

pornography found in his storage unit and his home.  (Doc. 181, pp. 20-21.)   Included amongst Brown's possessions were 1,733 images of child pornography including videos depicting "adult males penetrating the vagina or anus of prepubescent females," items of children's clothing, and security camera footage from a store where Brown used to work as a loss prevention officer that focused on a young girl's body parts.   (Id.)   Throughout this case, rather than accepting responsibility for his own reprehensible conduct, Brown has attempted to blame others for his plight.   To wit, throughout his sentencing hearing, he made numerous statements including an unsupported claim that law enforcement officers made false statements against him, thus causing the Court to find that he was not entitled to a reduction in his Sentencing Guidelines offense level for acceptance of responsibility.  (Doc. 123.)   Indeed, after listening to Brown at length, the sentencing judge concluded, "[t]his man is a danger to society."  (Id. at p. 81.)  Unfortunately, it appears that the ensuing twelve years in prison have not softened Brown's obstinance nor engendered any remorse within him.   Indeed, he uses the current motion as an attempt to once again relitigate his conviction and sentence including efforts to deny the evidence of his crimes. (See doc. 187.)  Put simply, Brown sees himself as the victim rather than the innocent young people whom he irreparably violated.

Cast against Brown's history of distributing conduct and his attempts to shirk blame, his concerns regarding his risk of contracting COVID-19 and his need to care for his elderly mother ring hollow.  As the United States correctly points out, his family circumstances do not constitute extraordinary and compelling circumstances warranting his release.  (See doc. 181, pp. 13—14.) Moreover, while the COVID-19 pandemic poses significant health risks to incarcerated individuals, those risks are mitigated by the recent availability of vaccines as well as many other measures implemented by the Bureau of Prisons.  (See id. at pp. 8—13.)  Furthermore, the BOP is

providing Brown more than adequate medical treatment while he is incarcerated.  (See doc. 181-3.)

Brown has a projected release date of March 3, 2029.  (Doc. 181, p. 3.)  Having considered the totality of circumstances, the Court finds that releasing Brown approximately seven years before that date would pose a significant danger to society and would not serve the purposes of Section 3553(a).  Brown remains "a danger to society," and he clearly needs to spend more time in prison in order to reflect the seriousness of his crimes, to promote respect for the law, to provide just punishment, to deter him from future criminal conduct, to provide him receive necessary rehabilitative and correctional treatment, and to protect members of the public from him.  The Court sincerely hopes that Brown decides to make efforts to seek treatment and to change his perspective during his remaining time in prison. If he does not, the Court fears he will fare no better upon his release to society than before his incarceration.

For all these reasons as well as those stated by the United States in its Response, the Court **DENIES** Defendant James William Brown's Motion for Compassionate Release, (doc. 179).

**SO ORDERED**, this 10th day of September, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA